RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7 22 05
BY Dm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| PINKIE RUFFIN | CIVIL ACTION NO. 01-1744 |
| VERSUS | JUDGE DONALD E. WALTER |
| BAYER CORPORATION., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. #45] filed on behalf of defendant, Bayer Corporation ("Bayer"), pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes this motion. For the reasons assigned herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## STATEMENT OF FACTS

Plaintiff, Pinkie Ruffin ("Ruffin") filed a four-count complaint in First Judicial District of Caddo Parish alleging she had suffered a stroke as a result of taking Alka-Seltzer Plus Cold Medicine, which contained phenylpropanolamine ("PPA"). In addition to alleging liability under the Louisiana Products Liability Act, Ruffin alleged that defendants were liable for negligence, fraud and misrepresentation, and breach of warranty against redhibitory defects. The suit was removed to this court and eventually transferred by the Judicial Panel on Multidistrict Litigation ("MDL Panel") to the United States District Court for the Western District of Washington where it was consolidated with MDL-1407, *In re Phenylpropanolamine (PPA) Products Liability Litigation*. While in MDL, Judge Rothstein dismissed the negligence and fraud and

misrepresentation claims before the case was remanded back to this court.

Bayer, the only remaining defendant in this case, has filed the present Motion for Summary Judgment. Bayer contends that no medical evidence has been presented to support the allegation that Alka-Seltzer Plus Cold medicine caused Plaintiff's stroke. Plaintiff filed an opposition to the Motion for Summary Judgment stating that "the medical evidence does not conclusively demonstrate that Plaintiff's stroke in June of 2000 was not caused by medications manufactured and marketed by Bayer Corp." In addition, Plaintiff asserts that Summary Judgment should be denied because Plaintiff should be allowed until the agreed upon deadline, as set in the scheduling order, to submit expert medical testimony. The deadline for Plaintiff to submit experts and expert reports was July 18, 2005.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all references most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its

motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Under the Louisiana Products Liability Act ("LPLA"), the plaintiff has the burden of proving every element of the claim. *Caboni v. GMC*, 398 F.3d 357, 361 (5th Cir., 2005). *See* La. Rev. Stat. Ann. § 9:2800.54(D). "To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260-261 (5th Cir., 2002). *See* La. Rev. Stat. Ann. § 9:2800.54(A). Plaintiff's assertion that the medical evidence does not conclusively demonstrate that the medication manufactured by Bayer did not cause Plaintiff's stroke is insufficient. To prove that PPA-containing products are "unreasonably dangerous" within the meaning of the LPLA, Plaintiff must submit expert testimony because the composition, design, testing, and product characteristics of these drugs are outside the average person's common understanding. Plaintiff must provide more than conclusory or unsubstantiated allegations. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Plaintiff must go beyond the pleadings and designate specific facts in the record showing a genuine issue of material fact for trial to defeat summary judgment. *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Plaintiff has provided no expert testimony and the deadline to do so, July 18, 2005, has passed.

Accordingly, Defendant's Motion for Summary Judgment [Doc. #45] to dismiss claims under the LPLA is **GRANTED** and the only remaining claim is for Breach of Warranty Against

Redhibitory Defects.

                              DONALD E. WALTER
                 UNITED STATES DISTRICT JUDGE